IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CATHERINE AKBARIEH,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Case No. 1:25-cv-01652 (RDA/WBP)
                                       )
VA INVESTMENTS, LLC, *et al.*,         )
                                       )
        Defendants.                    )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Fay Servicing, LLC's Motion to Dismiss (the "Motion"). Dkt. 8. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Considering the Motion together with the Complaint (Dkt. 1) and Defendant's Memorandum in Support of its Motion to Dismiss (Dkt. 9), this Court GRANTS the Motion for the reasons that follow.[1]

---

[1] Plaintiff did not file an opposition to the Motion. Although Plaintiff did not file an opposition, the Court does not rely on the lack of an opposition in determining that the Motion should be granted. *See Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 222 (4th Cir. 2026) (reversing district court because "Rule 12(b)(6) simply does not provide for any such default relief"). Moreover, the Court has an independent obligation to investigate its subject-matter jurisdiction and, thus, it is of no import that Plaintiff failed to file an opposition, where the Court lacks jurisdiction over her claims.

## I.  BACKGROUND

### A.  Factual Background[2]

On December 21, 2007, Anoushiravan Dadgar and *pro se* Plaintiff Catherine Akbarieh obtained a loan in the amount of $415,350 from Suntrust Mortgage, Inc., as evidenced by a promissory note (the "Note"). Dkt. 9-1 at 2.[3]  The obligations under this loan were secured by a deed of trust (the "Deed of Trust") encumbering real property located at 47616 Paulsen Square, Sterling, Virginia 20165 (the "Property"). Dkt. 9-2.[4]

On August 29, 2024, Defendant BWW Law Group, LLC sent Plaintiff a letter informing her that Defendant U.S. Bank Trust Company, a beneficiary of the Deed of Trust, intended to request that Defendant Equity Trustees, LLC sell the Property at a foreclosure sale due to a default under the Note. Dkt 1-1 at 1.  The letter further stated that the Note was unavailable as of the date of the mailing of the letter, and that a request for sale would be made by the trustee upon the expiration of sixty days from the date of mailing the letter. *Id.*

---

[2] For purpose of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] Plaintiff referenced the Note in her Complaint but did not attach a copy of it. Dkt. 1 at ¶ 8.  Because the Note is incorporated by reference into Plaintiff's Complaint, the Court may consider the same without converting the Motion into one for summary judgment. *See Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va., 2005).

[4] Plaintiff referenced Deed of Trust in her Complaint but did not attach a copy of it. Dkt. 1 at ¶ 10.  Because the Deed of Trust is incorporated by reference into Plaintiff's Complaint, the Court may consider the same without converting the motion to one for summary judgment. *See Davis*, 395 F. Supp. at 335.

2

On January 15, 2025, the Property was sold at public auction to VA Investments, LLC. Dkt. 9-3 at 3.[5] On February 19, 2025, VA Investments, LLC filed a Summons for Unlawful Detainer in Loudoun County General District Court, asserting a claim for civil eviction against Dadgar and Plaintiff in connection with the Property.[6] *See VA Investments, LLC v. Dager*, Loudoun County General District Court, Case No. GV25001492-00 (the "Unlawful Detainer Action"). The Loudoun County General District Court subsequently entered judgment in favor of VA Investments, LLC and issued a writ of eviction on July 18, 2025. *Id.* This writ was executed on May 5, 2026. *Id.*

On October 1, 2025, Plaintiff filed her Complaint, in which she set forth one cause of action for a violation of civil rights under 42 U.S.C. § 1983. Dkt. 1. She asserts that Defendants sought to foreclose on her Property without producing the initial Note, thereby depriving her of real property without due process of law in violation of the Fifth and Fourteenth Amendments. Dkt. 1 at ¶ 8-11. She further contends that the Defendants' actions were undertaken with the power of state foreclosure law. *Id.* at ¶ 11.

---

[5] The "Substitute Trustee's Deed" attached to Defendant's Motion is integral to Plaintiff's claims, as it sets forth information concerning the sale of the foreclosed Property at issue in this case. Plaintiff has not contested the authenticity of this document. Thus, this Court may consider this document in resolving Defendant's Motion. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("We may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

[6] The Court may take judicial notice of the state court docket. *See Centre Law and Consulting, LLC v. Axiom Resource Mgmt., Inc.*, 456 F.Supp.3d 765, n. 1 (E.D. Va. 2020) ("The facts related to the ongoing divorce proceedings are not stated in the complaint, but judicial notice is taken of these facts because the facts are reflected in the Florida state court docket.").

### B.  Procedural Background

On October 1, 2025, Plaintiff filed her Complaint in this action.  Dkt. 1.  On February 13, 2026, Defendant Fay Servicing, LLC filed a Motion to Dismiss for Failure to State a Claim and a Memorandum in Support of this Motion.  Dkts. 8, 9.  Plaintiff did not file an opposition.

### II.    STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).  "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)).  Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion, *see Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015), but they "may consider documents . . . attached to the motion to dismiss, as long as they are integral to the complaint and authentic[,]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

III.    ANALYSIS

Defendant Fay Servicing, LLC argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Defendant is not a state actor for purposes of 42 U.S.C. § 1983 and because the Court must abstain from exercising jurisdiction under the *Younger* doctrine.  Each of these issues are addressed in turn.

A.    The Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine

As an initial matter, the Court lacks the ability to adjudicate this case due to the *Rooker-Feldman* doctrine.[7]  Although the *Rooker-Feldman* doctrine was not discussed by the parties, it is a corollary to the *Younger* doctrine raised by Defendant. Dkt. 9 at 7.  *Younger* applies while a state proceeding is ongoing, whereas *Rooker-Feldman* applies after there is a state court judgment.  Specifically, the *Rooker-Feldman* doctrine is a "jurisdictional doctrine that may be raised by the court *sua sponte*." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002).  Because the *Rooker-Feldman* doctrine is jurisdictional, the Court is required to address it prior to proceeding in a substantive analysis. *See Stanton v. Dist. of Columbia Ct. of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997).

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 349 (4th Cir. 2025); *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("[T]he *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the

---

[7] The *Rooker-Feldman* doctrine arises from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

state court's decision itself."). The *Rooker-Feldman* doctrine "prohibits the United States District Courts, . . . from 'sit[ting] in direct review of state court decisions.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (quoting *Feldman*, 460 U.S. at 483). "Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Nott v. Bunson*, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009).

Plaintiff's Complaint effectively seeks to challenge a state court judgment and invites this Court to review and reject the judgment of that court. This Court takes judicial notice[8] of the judgment entered in favor of VA Investments, LLC and the writ of eviction issued on July 18, 2025, by the Loudoun County General District Court in the Unlawful Detainer Action. *See VA Investments, LLC v. Dager*, Loudoun County General District Court, Case No. GV25001492-00. A state court had thus resolved all issues raised by Plaintiff concerning the eviction and foreclosure proceedings prior to Plaintiff filing the present suit on October 10, 2025. Rather than appeal that judgment, Plaintiff seeks to challenge the Loudoun County General District Court's ruling in *this Court* by seeking injunctive relief restraining Defendants from proceeding with foreclosure that the state court authorized. Dkt. 1 at 3. "Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Nott v. Bunson*, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009). Courts have also recognized that § 1983 claims, like those raised here, are subject to the constraints of *Rooker-Feldman*. *See Simpson v. Quick*, 2026 WL 297077, at *3 (10th Cir. Feb. 4, 2026) ("In short, the allegations of Mr. Simpson's complaint illustrate that his § 1983

---

[8] This Court's ability to take judicial notice of public state court records is well established in this jurisdiction. *See Murdock v. Ironplanet, Inc.*, 2024 WL 4265243, at *21 (E.D. N.C. Aug. 13, 2024) (compiling cases).

lawsuit fits within *Rooker-Feldman*'s bar against district court review of state-court decisions."). The relief that Plaintiff seeks is thus exactly the sort of "direct review of state court decisions" that the *Rooker-Feldman* doctrine prohibits, and the Court lacks jurisdiction on this ground. *Feldman*, 460 U.S. at 483.

B.    The Court Alternatively Lacks Jurisdiction Under the *Younger* Doctrine

Defendant Fay Servicing suggests that the Unlawful Detainer Action is not yet final, and Defendant asserts that "state court proceedings related to the foreclosure are ongoing." Dkt. 9 at 8. To the extent that there could be ongoing proceedings in the Unlawful Detainer Action, this Court must abstain from hearing Plaintiff's claim under the *Younger* doctrine.

The *Younger* abstention doctrine expresses the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). Abstention is "an exception to the general rule that federal courts must decide cases over which they have jurisdiction." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022). *Younger* abstention applies to ongoing state criminal prosecutions, civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings uniquely in furtherance of the state courts' ability to perform their judicial function. *Air Evac EMS, Inc.*, 37 F.4th at 96 (citing *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 at 78-79 (2013)). In considering whether *Younger* abstention is appropriate, courts weigh the "*Middlesex* factors," those being: (1) whether there is an "ongoing state judicial proceeding," (2) whether that state proceeding "implicates important, substantial, or vital state interests," and (3) whether that state proceeding provides "an adequate opportunity to raise constitutional challenges." *Robinson*, 855 F.3d at 285 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982)).

7

The first and third *Middlesex* factors clearly weigh in favor of determining that *Younger* abstention is appropriate. As to the first factor, the continuance of any eviction proceedings in the Loudoun County General District Court would evidently constitute "ongoing state judicial proceeding[s]" that militate against this Court exercising discretion. *Robinson*, 855 F.3d at 285. As to the third factor, Virginia state court proceedings provide Plaintiff with an adequate opportunity to raise the constitutional challenges at issue in the instant case. *See McNally v. Va. Dept. of Motor Vehicles*, 80 Va. App. 483 (2024) (adjudicating federal due process claims); Va. Code §54.1-3935(D); 28 U.S.C. § 1257(a) (providing for appeal from the Supreme Court of Virginia to the Supreme Court of the United States).

Although a closer question, the second *Middlesex* factor additionally weighs against this Court's adjudication of Plaintiff's claim. It has been asserted that "[t]ime and again, courts have held that eviction proceedings pending in a state court implicate state interests." *Leonard v. Montgomery*, 2023 WL 1070246, at *2 (S.D. Ohio Jan. 27, 2023) (collecting cases). Yet, it has also been averred that "[c]ourts are divided as to whether a state has a significant interest in an eviction action." *Kemp v. Chicago Housing Authority*, 2010 WL 2927417, at *5 (N.D. Ill. July 21, 2010) (comparing cases). Ultimately, courts in *this* Circuit have determined that state eviction proceedings involve important state interests. *See Gallant v. Deutsche Bank Nat. Trust Co.*, 2010 WL 537874, at *2 (W.D. Va. Feb. 11, 2010) (holding that abstention under *Younger* was appropriate because "Virginia has an important interest in resolving foreclosure and eviction disputes"); *Woods v. Brookside Pointe Apartments*, 2023 WL 7928314, at *5 (D. S.C. Oct. 20, 2023) (stating that it is "well settled in this District" that eviction proceedings involve important state interests); *Mutzig v. North Carolina*, 2017 WL 1754774, at *2 (W.D. N.C. May 3, 2017) (holding that the court should abstain from addressing Plaintiff's claims as to the state court

8

eviction proceedings against her due to *Younger* abstention).  Therefore, each *Middlesex* factor is present, and the Court will abstain from exercising jurisdiction over Plaintiff's claims.

        C.     Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

Regardless of the jurisdictional defects previously detailed, Plaintiff's Complaint also fails to state a claim upon which relief can be granted.  Plaintiff's sole cause of action is predicated upon a violation of 42 U.S.C. § 1983, which provides that:

> "Every person who, *under color of any statute, ordinance, regulation, custom, or usage*, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983 (emphasis added).  To establish a claim under § 1983, a plaintiff must demonstrate that (1) "the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States," and (2) that "the defendant deprived him of this constitutional right 'under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory.'" *Haavistola v. Cmt. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 214 (4th Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Thus, to implicate § 1983, the conduct in question must therefore be "fairly attributable to the State" and the "person charged must either be a state actor or have a sufficiently close relationship with state actors such that the court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (citations omitted).  In other words, a defendant in a Section 1983 action must be a state actor.

Here, Defendant was not acting under color of law at the time that it allegedly deprived Plaintiff of her "property rights without due process of law in violation of the Fourteenth Amendment." Dkt. 1 at 3. Defendant properly draws attention to the case *Ainsworth v. PNC Bank*,

*NA*, 2021 WL 837340 (E.D. Va., Jan. 27, 2021), *aff'd* 850 F. App'x 862 (4th Cir. 2021). There, the plaintiff alleged that the defendants had "violated Plaintiff's due process rights by 'intentionally, willfully, and knowingly' selling the [property at issue] at [a] foreclosure sale when '[t]hey did not have the legal authority to conduct such a sale.'" *Id.* at *3. A district judge in this District granted the motion to dismiss because none of the defendants could be considered "state actors." *Id.* at *11, *13. Indeed, district courts across the Fourth Circuit recognize that lenders are not "state actors" and thus not amenable to suit under § 1983. *See Heinemann v. Jim Walter Homes, Inc.* 47 F. Supp. 2d 716, 723-724, (N.D. W. Va. 1998) (granting defendant lender, trustees, and purchaser's motion for summary judgment on the grounds that defendants did not act under color of state law), *aff'd* 173 F.3d 850 (4th Cir. 1999); *Smalls v. First Fed. Sav. & Loan Ass'n of Charleston*, 2024 WL 6079071, at *3 (D. S.C. Sep. 16, 2024) (collecting cases wherein no state action was found against private mortgage lenders), *adopted by* 2025 WL 1937617 (D. S.C. Jan. 23, 2025). Defendant is not a state actor, and Plaintiff fails to state a plausible claim for relief.

## V.    CONCLUSION

Here, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Even if that doctrine did not apply, Plaintiff's claims would be barred by the *Younger* doctrine. Beyond these jurisdictional defects, Plaintiff's Complaint still fails to state a claim upon which relief can be granted. Accordingly, the Complaint will be dismissed without prejudice and without leave to amend as to Defendant Fay Servicing, LLC. The Court notes that these deficiencies also appear to apply to the § 1983 claim against all Defendants. The Court further notes that Plaintiff does not

appear to have complied with the instructions of U.S. Magistrate Judge William B. Porter to properly serve the remaining Defendants. Dkt. 14.

Accordingly, it is hereby ORDERED that Defendant Fay Servicing's Motion to Dismiss (Dkt. 9) is GRANTED; and it is

FURTHER ORDERED that the claim against Defendant Fay Servicing, LLC is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and it is

FURTHER ORDERED that the Clerk of Court is directed to dismiss all claims as to Defendant Fay Servicing, LLC and to terminate it as a Defendant in this case; and it is

FURTHER ORDERED that, on or before **July 24, 2026**, Plaintiff is DIRECTED to SHOW CAUSE as to why the remaining claims and this action should not be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiff is further DIRECTED to SHOW CAUSE regarding her apparent failure to comply with Judge Porter's February 23, 2026 Order and why the remaining claims should not be dismissed pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure. Plaintiff is WARNED that, if she fails to comply with the requirements of this Order, then her case will be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

The Clerk is directed to send a copy of this Order to *pro se* Plaintiff at her last known address and to counsel of record for Defendant Fay Servicing, LLC.

It is SO ORDERED.

Alexandria, Virginia
July ___, 2026

/s/
_____
Rossie D. Alston, Jr.
United States District Judge

11